Filed 7/24/14  In re K.G. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re K.G., a Person Coming Under the Juvenile Court Law. | |
| | D065499 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. SJ012929) |
| v. | |
| RYAN T., | |
| Defendant and Appellant; | |
| KAREN G., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  The appeal is dismissed as moot.

Joseph T. Tavano, under appointment by the Court of Appeal, for Defendant and Appellant.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Respondent Karen G.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Tahra Broderson, Deputy County Counsel, for Plaintiff and Respondent San Diego County Health and Human Services Agency.

Patricia K. Saucier, under appointment by the Court of Appeal, for Minor.

This is an appeal by the father, Ryan T., from the juvenile court's disposition order declaring his three-year-old daughter, K.G., a dependent of the court under Welfare and Institutions Code section 360, subdivision (d), and denying Ryan's request for placement as a nonoffending, noncustodial parent under section 361.2. (All further statutory references are to the Welfare and Institutions Code.) Because the juvenile court has since placed K.G. with Ryan, we dismiss the appeal as moot.

The San Diego County Health and Human Services Agency (Agency) filed a petition to protect K.G. after she was discovered to have numerous injuries consistent with nonaccidental trauma. K.G.'s mother and her boyfriend were K.G.'s exclusive caregivers at the time she was injured. Ryan, who lives in Virginia, traveled to California to seek K.G.'s placement with him.

At the contested disposition hearing, the juvenile court received evidence that Ryan participated in parenting instruction, individual and conjoint therapy with K.G., and had successful unsupervised visits with K.G. The Agency nonetheless argued "it would be detrimental to wholesale return the child to father at this time," and requested "a transition." The court found jurisdiction over K.G. and removed her from her mother

2

under section 361, subdivision (c)(1). The court found it would be detrimental to immediately place K.G. with Ryan in Virginia under section 361.2. Ryan appealed that determination.

The Agency contends Ryan's appeal is moot and moves unopposed that we take judicial notice of interim findings and orders reflecting that Ryan has continued to have successful visits with K.G., his home was successfully evaluated for placement, and the Agency now recommends K.G. be placed with Ryan. We grant the Agency's request for judicial notice.

We notified the parties of our intent to take judicial notice of the juvenile court's subsequent order dated June 17, 2014, in which the court ordered K.G. placed with Ryan. We directed any party who opposed our taking judicial notice of this order to submit written opposition. We also directed any party who contends the June 17 order does not render this appeal moot to explain why, including by specifically advising the court whether Ryan now has custody of K.G.

The only submission we received was from Ryan. He did not oppose our taking judicial notice of the June 17, 2014 order, and we therefore take judicial notice of it. Ryan advised this court that K.G. has been placed with him since no later than July 14. Nevertheless, he argues the appeal is not moot because the juvenile court has not yet ordered that Ryan assume legal and physical custody of K.G. and terminated dependency jurisdiction. We are not persuaded. Ryan's appeal challenged only the juvenile court's initial order "denying Ryan's request for *placement* . . . ." (Italics added.) Indeed, throughout his opening brief, Ryan addresses only the juvenile court's determination

3

regarding *placement*—he does not address custody or termination of jurisdiction. Because Ryan has, in fact, already obtained from the juvenile court the relief he properly seeks in this appeal, we dismiss the appeal as moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["When no effective relief can be granted, an appeal is moot and will be dismissed."].)

DISPOSITION

The appeal is dismissed.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.